# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **WANDA WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18CV00021 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Joseph E. Wolfe, Wolfe Williams & Reynolds, Norton, Virginia, for Plaintiff; Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for Defendant.*

The plaintiff in this civil action, Wanda Williams, alleges that the Postal Service ("USPS") was negligent in causing injury to her when she visited a post office on a weekend night and slipped on snow and ice on a ramp leading to the building's open lobby. Williams seeks to hold the United States liable for money damages pursuant to the Federal Tort Claims Act ("FTCA"). The United States has moved to dismiss her action for lack of subject-matter jurisdiction, contending that the alleged negligent conduct at issue falls within the discretionary function exception to the FTCA. For the reasons that follow, I conclude that the court lacks subject-matter jurisdiction, and therefore I will grant the motion.

I.

The following facts are undisputed for the purposes of the present motion.

The public has twenty-four-hour access to the post office boxes in the lobby of the post office located in Clincho, Virginia. At approximately 9:00 p.m. on Saturday, March 7, 2015, Williams went to that post office. Early in the morning of that day, a post office employee had treated the entrance ramp with ice melt, but the retail window had closed at 11:15 a.m. As Williams was walking up the ramp to enter the building, she slipped and fell. Williams landed on her back and left hip and heard a pop and felt pain in her lower back and left leg. The following day, Williams returned to the post office and left a note advising the postmaster that she had fallen and was going to seek medical treatment for her injuries.

On February 27, 2017, Williams filed a claim for her injury pursuant to the FTCA. The USPS denied the claim on November 2, 2017. Williams then filed the present action pursuant to the FTCA, alleging that the United States was negligent in failing to properly maintain the walkways and guttering at its Clinchco post office. Williams asserts that this negligence allowed snow and ice to build up on the post office premises, which was the proximate cause of her fall. Williams alleges that as a result of this negligence, she suffered physical and emotional injury. The United States has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that this court lacks subject-matter

jurisdiction because the conduct at issue falls within the discretionary function exception to the United States' waiver of sovereign immunity under the FTCA. The Motion to Dismiss has been fully briefed and is now ripe for decision.[1]

II.

Federal courts have limited jurisdiction and are empowered to act only in the specific instances authorized by Congress. *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The court must determine questions of subject-matter jurisdiction before it can address the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The plaintiff bears the burden of proving the existence of subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F. 3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a motion to dismiss for lack of subject-matter jurisdiction "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

Federal courts do not have jurisdiction over actions against the United States unless Congress has expressly waived the United States' sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586–87 (1941). A waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The FTCA waives the United States' sovereign immunity and makes the government liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, this waiver does not apply to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The plaintiff bears the burden of proving that the discretionary function exception does not apply to the function or duty at issue. *Indem. Ins. Co. of N. Am. v. United States*, 569 F.3d 175, 180 (4th Cir. 2009). If the exception does apply, a court must dismiss the claim for lack of subject-matter jurisdiction. *Id.*

To determine if the discretionary function exception applies, the court must perform a two-step analysis. *Wood v. United States*, 845 F.3d 123, 128 (4th Cir. 2017). First, the court must decide whether the challenged conduct "involves an element of judgment or choice." *Suter v. United States*, 441 F.3d 306, 310 (4th

Cir. 2006).[2] Conduct does not involve an element of judgment or choice if a federal statute, regulation, or policy specifically prescribes it. *See Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Second, the court must determine whether the conduct is "based on considerations of public policy." *Suter*, 441 F.3d at 311 (quoting *Berkovitz*, 486 U.S at 537). To make this determination, the court is to "look to the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one which we would expect inherently to be grounded in considerations of policy." *Baum v. United States*, 986 F.2d 716, 721 (4th Cir. 1993). "[W]hen a statute, regulation, or agency guideline permits a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Suter*, 441 F.3d at 311. The plaintiff bears the burden of proving that the government's conduct is not grounded in considerations of public policy. *Indem. Ins. Co. of N. Am.*, 569 F.3d at 181.

Williams argues that the government is liable for the Clinchco postmaster's decisions not to close the public lobby and not to have staff continue to apply salt to the ramp on the evening that she visited the post office. Williams argues that the postmaster was obligated to undertake this conduct, and thus it does not fall within the discretionary function exception to the FTCA. In response, the United States

---

[2] I have omitted internal quotation marks and citations throughout this opinion, unless otherwise noted.

contends that the postmaster's decisions to allow public access to the post office lobby after hours and to staff employees to remove snow and ice on the walkways only during high-traffic times fall squarely within the discretionary function exception.

In support of its argument, the government relies on a number of cases with facts similar to those here. In those cases, the courts held that a postmaster's decisions regarding public access to the post office after hours and removing snow and ice after hours fall within the discretionary function exception to the FTCA. *Hogan v. U.S. Postmaster Gen.*, 492 F. App'x 33, 35–36 (11th Cir. 2012) (unpublished) (affirming the district court's holding that the postmaster's decision to keep the post office open around the clock fell within the discretionary function exception); *Stephenson v. United States*, Civil Action No. 1:16-11979, 2017 WL 5760451, at *5 (S.D.W. Va. Nov. 28, 2017) (holding that the postmaster's decisions regarding snow removal on holidays or during low-traffic hours fell within the discretionary function exception); *Krey v. Brennan*, No. DKC 15-3800, 2017 WL 2797491, at *5 (D. Md. June 28, 2017) (holding that the postmaster's decision to keep the post office lobby open around the clock fell within the discretionary function exception), *aff'd sub nom Krey v. United States*, No. 17-1886, 2018 WL 3954227 (4th Cir. Aug. 17, 2018) (unpublished).

In line with these cases, I find that the Clinchco postmaster's decisions regarding public access to post office boxes after hours and snow and ice removal during these hours fall within the discretionary function exception to the FTCA. First, both decisions involve elements of judgment. Rather than prescribing a particular course of conduct, the Postal Operations Manual explicitly grants the postmaster discretion to allow twenty-four-hour access to post office boxes. U.S. Postal Service, *Postal Operations Manual, POM Issue 9* § 126.43, at 30 (2002), https://www.nalc.org/workplace-issues/resources/manuals/pom/POM-July-2016.pdf ("At the postmaster's discretion, lobbies may remain open 24 hours a day to allow customers access to PO Boxes and self-service equipment, provided that customer safety and security provisions are deemed adequate by the Inspection Service."). Likewise, the Supervisor's Safety Handbook does not prescribe particular methods of snow and ice removal after hours. Instead, it leaves room for judgment when it instructs, "You must establish snow and ice removal plans *where necessary*. . . . [and] [p]rovide for reinspection and cleaning *as often as necessary* to handle drifting snow and refreezing." U.S. Postal Service, *Handbook EL-801, Supervisor's Safety Handbook* § 8-15.2, at 68 (2008), https://www.nalc.org/workplace-issues/resources/manuals/other/EL-801-June-2008-Supervisors-Safety-Handbook-with-revisions-through-May-1-2014.pdf (emphasis added). The Floors, Care and Maintenance Handbook reiterates this room for judgment when it

instructs, "Apply [ice-melting products] more than once a day, *if necessary*, in areas of extremely low temperatures and/or high winds." U.S. Postal Service, *Maintenance Handbook MS-10, Floors, Care and Maintenance* § 542, at 5-1 (1988), http://www.apwu.org/sites/apwu/files/resource-files/MS-10%20Floors%20Care%20%26%20Maintenance%205-88%20%282.09%20MB%29.pdf (emphasis added). Although Williams argues that the postmaster was obligated to take various steps to remove snow and ice on the evening she visited the post office, she does not set forth any evidence that regulations or policies prescribed these steps.

Second, I find that both decisions, evaluated objectively, are based on considerations of public policy. Congress directs the USPS to "provide prompt, reliable, and efficient services to patrons in all areas." 39 U.S.C. § 101(a). The Clinchco postmaster's decisions regarding public access to post office boxes after hours and snow and ice removal during these hours require an evaluation of this direction, along with the "convenience to the public, safety of federal property for visitors, budgetary concerns regarding paying snow-removal staff, and paying employees to staff the Post Office . . . during hours which would otherwise experience minimal postal-patron traffic." *Stephenson*, 2017 WL 5760451, at *5. Accordingly, the Clinchco postmaster's decisions satisfy both steps of the discretionary function analysis, and thus they fall within the discretionary function exception to the FTCA.

Williams also argues that the government is liable for the postmaster's decisions regarding maintenance of the post office guttering, which she alleges was falling down and causing water to leak onto the post office entrance ramp. Williams argues that the postmaster was obligated to prevent the guttering from falling into disrepair, and thus the conduct does not fall within the discretionary function exception.

The Fourth Circuit has held in a number of contexts that the government's decisions regarding facility maintenance fall within the discretionary function exception. *See Wood*, 845 F.3d at 131–32 (holding that the Navy's maintenance decisions regarding facilities used by civilian law enforcement fell within the exception); *Baum*, 986 F.2d at 724 (holding that the Park Service's maintenance decisions regarding the guardrail system on the Baltimore-Washington Parkway fell within the exception).

I also find that the postmaster's decisions regarding maintenance of the post office guttering fall within the discretionary function exception. The USPS guidelines regarding when and how to maintain postal facilities leave room for judgment and choice. The USPS's Repair and Alteration of Real Property Facilities Handbook states that while "[p]ostal facilities generally follow local area practices to be compatible with industrial facilities[,] [m]anagers are encouraged to use their judgment and deviate from any criteria that are not in the best interest of

the Postal Service." U.S. Postal Service, *Handbook RE-13, Repair and Alteration of Real Property Facilities* § 312, at 322.3 (1987), http://www.apwu.org/sites/apwu/files/resource-files/RE-13%20Repair%20%26%20Alteration%20of%20Real%20Property%20Facilities%2010-87%20%281.08%20MB%29.pdf. The Postmaster's Facilities Maintenance Guidelines instruct the postmaster to inspect the facility twice a year, and they identify damaged gutters and downspouts as common maintenance problems that a postmaster might encounter. U.S. Postal Service, *Maintenance Handbook MS-110, Associate Office Postmaster's Facilities Maintenance Guideline*s § 312, at 3-1, § 323.4, at 3-3 (1988), https://www.apwu.org/sites/apwu/files/resource-files/MS-110%20Associate%20Office%20Maintenance%20Guidelines%201-88%20%281.06%20MB%29.pdf. These guidelines then instruct the postmaster to "develop[] a list of those items that *you feel need to be addressed*" and to "prioritize[] these items in the order to be accomplished." *Id.* at § 331, at 3-4 (emphasis added). These guidelines thus leave decisions about the need for and prioritization of gutter repair to the discretion and judgment of the postmaster.

I find that such decisions, evaluated objectively, are also based on considerations of public policy. Because the guidelines above permit the postmaster to exercise discretion in making decisions regarding facility maintenance, it is presumed that the postmaster's decisions exercising this

discretion are grounded in policy.  *See Suter*, 441 F.3d at 311.  Further, the Repair and Alteration of Real Property Facilities Handbook instructs postmasters to consider the best interests of the Postal Service when exercising their discretion.  The interests of the Postal Service certainly include such policy concerns as the best allocation of resources and the safety of the property for visitors.  Accordingly, the Clinchco postmaster's decisions regarding maintenance of the post office guttering satisfy both steps of the discretionary function analysis, and thus they fall within the discretionary function exception to the FTCA.

While I regret that the plaintiff will have no judicial review of her claim of injury, because I find that the conduct she challenges falls within the discretionary function exception to the FTCA, I must dismiss her case for lack of subject-matter jurisdiction.  A separate Order will be entered forthwith.

DATED:  October 18, 2018

/s/  James P. Jones
United States District Judge